By the Court.*—Talcott, J.
This certiorari brings up the proceedings before the county judge of Steuben county, and his determination and judgment thereupon, in proceedings taken under the act of 1869, amended by the act of 1870, to bond the town of Bradford in said county, in behalf of the Sodus Bay, Corning, & New York Railroad Company.
We have had occasion to discuss the provisions of this act in .the case of People ex rel. Haines v. Smith, County Judge of Ontario, decided at tíie last November term, and in the case of People ex rel. Ogden v. Franklin, County Judge of Seneca, decided at the present term. It is sufficient to say here, that in the view we have taken of the statute, it is one which, in effect, authorizes the taking of private property, through the power of taxation, for a supposed public purpose, and, like all other acts of that character, it is essential to the validity of proceedings under it, that its requisitions, at all events in all matters of substance, should be strictly complied with; and the facts of which the county judge is required by the statute to take proof, must be legally proved before him. It must appear, by being- proved before the county judge, that the petitioners constitute a majority of the tax-payers of the town, and represent *134 a majority of the taxable property thereof, as appears by the last preceding tax roll, which in this case is the tax roll of 1869. The county judge, in ascertaining the number necessary to constitute a majority of the tax-payers, rejected from the roll of 1869 the names of seven persons whose names appeared upon that roll, and against each of whom was assessed the sum of fifty cents as the owner of a dog, and who were not otherwise taxed.
The requisition of the statute is, that the petitioners shall be a majority of those whose names appear upon the roll as representing a majority of the property. The only intelligible construction of which is, that they shall-be a majority in number of those representing' (i. e., taxed for) property, and shall also represent a majority of the property taxed (see § 2 of the act).
If, therefore, those seven persons were taxed for property, their names are a part of those the majority in number of which must be petitioners.
It is settled, at this day, in this State, that dogs are property. They are the subject of larceny; and civil actions may be maintained for injury to or conversion of them, as in regard to other domestic animals. It is true these persons cannot under this act help to make up the representations of a majority of the property, because that majority of property must be as appears by the tax-roll, which is the only evidence, and the tax on dogs being- specific, as though it were imposed on pianos or carriages, without regard to value, and not ad valorem, as other property is assessed, the roll fails to show the value, or any value, so that it cannot aid in making up the majority, as shown by the roll. The county judge, therefore, erred in rejecting from the tax roll the names of these seven persons.
Besides these seven persons, the tax roll contained the names of two hundred and twenty-five who were assessed for property which was valued. The petitions origin *135 ally contained the names of one hundred and twelve of these persons, being less than a majority of the two hundred and twenty-five. During the investigation before the county judge, two of the dog tax-payers and one other person assessed for valued property, appeared before the county judge, and joined in the petition, under section 2 of the act. But counting the names of the dog tax-payers, the whole number of names on the roll was two hundred and thirty-two, of which it required of course one hundred and seventeen to constitute a majority ; and thereupon, a witness appeared and testified that William Smith and John Inscho, two of the tax-payers whose names appeared on the roll assessed for valued property, had authorized the witness to appear before the said county judge, “and to sign their names to the said petition and thereupon, the said witness was permitted to add the names of said William Smith and John Inscho to the petition, against the remonstrances of the contesting tax-payers, who objected to the proceeding upon the ground that said Smith and Inscho had not appeared before the county judge, and expressed a desire to join in the petition. These two names made up precisely the requisite one hundred and seventeen; and the question is, whether, under the circumstances, they could properly be counted as petitioners. The only authority for adding to the number of petitioners after the investigation before the county judge has commenced, is to be found in section 2 of the act, which provides that if it shall appear that the said petitioners, “and such other tax-payers of said town as may then and there appear before him, and express a desire to join as petitioners in said petition, do represent a majority,” &c., he shall so adjudge and determine.
In general, where the appearance of a party before any tribunal is spoken of, the expression imports a personal appearance. Formerly, all persons who were *136 required to appear in court must appear in proper person, “for the command of the writ being to appear, was always intended to be in proper person” (Bac. Abr., title Attorney, B ; 2 Coke's Inst., 249). The right to appear in court by attorney is of statutory origin, and can be only by an attorney at law, except in justices’ courts, and that by virtue of the statute (3 Rev. Stat., 5 ed., 433, § 42).
Independent of the general rule, the statute in this case seems to contemplate a personal appearance. The parties are to appear before the judge, and “express a desire,” &c. It is not unlike .the acknowledgment of a deed, which it has never been claimed can be done by proxy. To allow any person to appear, and on his mere assertion, though under oath, that he was authorized to express this desire on the part of any number of persons named in the roll, would be dangerous to the rights of tax-payers. If two necessary names can be thus supplied, so may fifty or one hundred. However false or mistaken the assertion of authority may be, there is no adequate remedy, and the property of the tax-payers of a town may in this manner be irretrievably mortgaged for the benefit of a railroad company, against the will of a clear majority in number and valuation of property, which is far from the intent of the legislature. This is a mode of collecting the suffrages of the tax-payers, and they cannot, we think— at all events, so far as they are to be given in the presence of the county judge—be expressed by proxy. It follows, that the names of the two tax-payers added to the petition by the witness Munson, on the trial before the county judge, must be deducted from the count '; and this leaves less than a majority of those whose names appear on the roll as assessed for property.
The determination and judgment of the county judge must, therefore, be reversed.

 Present, Mullen, P. J., and Johnson and Talcott, JJ.